# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DAVID CUEVAS,**

    **Plaintiff,**

vs.                                                                           No. CIV 99-1433 LCS

**COUNTY OF GRANT, GRANT
COUNTY DETENTION CENTER,
and GRANT COUNTY SHERIFF'S
DEPARTMENT,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss (Doc. 7), filed April 3, 2000. The United States Magistrate Judge, having reviewed the Motion, Memoranda, record, and relevant authorities, finds that Defendants' motion is well-taken and recommends that it be granted.

## PROPOSED FINDINGS

1. Plaintiff brought this action under 42 U.S.C. § 1983, seeking redress from alleged violation of his civil rights while he was detained at the Grant County Detention Center. Specifically, Plaintiff alleges that he was denied proper medical care in that he failed to receive prescribed pain medication and muscle relaxants while he was detained at the facility on May 18, 1996. Plaintiff filed his Complaint on December 10, 1999. Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the Complaint is

barred by the statute of limitations. Plaintiff, represented by counsel, filed a Response.

2. Dismissal of a cause of action under Rule 12 (b)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989). A cause of action may not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him relief. *See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991).

3. The statute of limitations for an action brought pursuant to 42 U.S.C. §1983 is the general personal injury statute of limitations in the state where the action arose. *See Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed.2d 254 (1985); *Industrial Constructors Corp. v. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994); *Desert State Life Management Services v. Ass'n of Retarded Citizens*, 939 F. Supp. 835, 837 (D. N.M. 1996). The New Mexico personal injury statute is limitations is three years. NMSA 1978, § 37-1-8 (1999). For the purpose of the statute of limitations analysis, claims asserted under § 1983 accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Johnson v. Johnson County Comm'n*, 925 F.2d 1299, 1301 (10th Cir. 1991). State tolling provisions apply to the statute of limitations analysis of claims brought under §1983. *Desert State Life Management Services*, 939 F. Supp. at 837.

4. The alleged denial of the prescribed pain medication occurred on May 18, 1996. Because he alleges denial of pain medication, Plaintiff would have known of the alleged

deprivation at the time it occurred. The Complaint was filed on December 10, 1999, which was more than three years after the alleged deprivation. Therefore, Plaintiff's cause of action is barred by the applicable statute of limitations.

5. In his response, Plaintiff does not argue that the statute of limitations was in some way tolled, but instead contends that the four year statute of limitations of NMSA 1978, § 37-1-4 (1999) applies. Plaintiff's argument is not supported as a matter of law. *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed.2d 254 (1985); *Industrial Constructors Corp. v. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994); *Desert State Life Management Services v. Ass'n of Retarded Citizens*, 939 F. Supp. 835, 837 (D.N.M. 1996). As this point of law is dispositive, Defendants' motion should be granted. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). Construing the allegations of the Complaint in the light most favorable to Plaintiff, it is clear beyond doubt that the Complaint is untimely under the applicable statute of limitations.

## RECOMMENDED DISPOSITION

I recommend that Defendants' Motion to Dismiss, filed April 3, 2000 be granted and that Plaintiff's Complaint be dismissed as barred by the statute of limitations.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings

and recommended disposition.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**